Shaw C. J.
afterward drew up the opinion of the Court. The plaintiffs, if they can recover at all, must recover by the strength of their own title ; and if they cannot establish a valid *467 title, it is wholly immaterial to any question in this action, whether Low and Cordis, or the defendants themselves, have the better title. As these parties are not now before the Court, it would be obviously premature to intimate any opinion upon their relative claims.
The plaintiffs claim the property in these shares, by attachment, seizure on execution and sale by the sheriff, pursuant to the statute, and no question is made of the formal regularity of their proceedings.
The defendants resist the claim, first, on the ground that the shares were lawfully pledged to them for their value, but if not, that secondly, they were rightfully transferred to Low and Cor-dis, and both these transfers preceded the plaintiffs’ attachment. And the Court are of opinion, that upon one or other of these titles the defendants had a right to hold the shares, and that the direction to the jury was right.
. Whether the bank could hold to their own use, we give no opinion, nor is it necessary ;* because if they could not, then we are clearly of opinion, that the transfer to Low and Cordis was valid, and prior to the attachment. It is found that Lang-don, in good faith, and for an adequate consideration, assigned all his right, title and interest in the shares to Low and Cordis, and surrendered the certificate, and executed a power to Low, authorizing him to transfer the shares in due form at the bank, and that Low presented the assignment, power and certificate at the bank, and demanded a transfer. This, as against Lang-don, divested his interest and left nothing for the attachment to operate upon. Even if it were likened to the case of chattels, it is like that of chattels in the custody of another ; and in such case, a sale for a valuable consideration, and an order on the depositary to deliver and notice to him of such order, is a valid sale to divest the property of the vendor, whether the depositary obeys the order and delivers the propeity, or sets up a title or lien and claims to hold it for himself.[1]
[2]
It is said, howevpr, that the power was to Low alone ; but that was sufficient. It was a mere ministerial act; it was ac *468 companied with the certificate, and one could make the transfer as well as more. And if it were to transfer to himself alone, it would make no difference, because, as the power was presented with the assignment, it was to demand a transfer to be made subservient to the assignment, and if it was to Low alone, it was probably to the use of himself and Cordis.
But it is insisted, as a more decisive objection, that the defendants refused to admit the assignment and make the transfer, and that no transfer was in fact made on the books of the bank, and that they cannot now set up the assignment as a transfer.
It is true that they did refuse to make the transfer, but it was provisionally, and upon the hypothesis that they had a better title themselves. Except subject to this, they had no right to refuse to admit the title of Low and Cordis, and did not claim to do so. Low and Cordis therefore, having complied with the rules of the bank, presented the certificate with a valid power at the bank, and demanded a transfer, had done all that was requisite to complete their title, and had a right to claim and hold the shares, unless the defendants could show an elder and better title. And if on suit brought against the bank they could not establish such superior title, they would be liable to Low and Cordis, for the full value of the stock, as upon an unlawful detention and appropriation, in nature of a conversion. Hussey v. Manuf. & Mech. Bank, ante, p. 415.
The plaintiffs then have failed to establish their title, under the attachment, seizure on execution and sale, and therefore there must be

Judgment on the verdict.

 In Delaware a by-law giving a lien on stock for the debts of the owner, is held to be valid. M‘Dowell v. Bank of Wilmington, 1 Harrington, 27.

 See Chitty on Contr. (4th Am. ed.) 308, and notes.